Vázquez, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de Caguas, denegando la inscripción de una declaración de dominio.

No. 432.—Resuelto en noviembre 17, 1919.

Información de Dominio—Audiencia Verbal al Fiscal—Facultades del Registrador al Calificar.—En el presente caso el registrador denegó la inscripción de una resolución de la Corte de Distrito ordenando la inscripción del dominio de cierta finca ''por no constar de dicha resolución que fuera oído el ministerio fiscal, a tenor de lo dispuesto en la regla 3ª. del artículo 395 de la Ley Hipotecaria.'' Recurrida dicha nota, *se resolvió:* que la falta de audiencia verbal al ministerio fiscal que sirve de fundamento a la nota recurrida no envuelve una falta sustancial que vicie de nulidad el expediente y justifique el proceder del registrador, cuya función al calificar la resolución aprobatoria del dominio debió limitarse a examinar si el juez que la dictó tenía jurisdicción para hacerlo, si se dictó en procedimiento debido, si fueron citadas las partes que la ley señala y si contenía todos los elementos necesarios que debían expresarse en la inscripción. Aparte de que, no habiendo reclamado el fiscal contra la falta de audiencia ni interpuesto recurso de apelación para el cumplimiento de tal requisito, dicha falta quedó subsanada.

CABIDA DE LA FINCA—SISTEMA MÉTRICO DECIMAL—ESTADO CIVIL.—Constituye defecto subsanable el no expresarse en una declaración de dominio la cabida de la finca con arreglo al sistema métrico decimal, así como también el no expresarse el estado civil del promovente al tiempo de adquirir la propiedad objeto de la información.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Juan Claudio Vázquez, de estado casado, promovió una información ante la Corte de Distrito de Humacao para acreditar el dominio de una finca de 24 cuerdas, que valora en $300, radicada en el barrio de Quemados del término municipal de San Lorenzo.

El juez aprobó el expediente por orden de 18 de enero de 1915 y ordenó que el dominio de la finca se inscribiera en el Registro de la Propiedad de Caguas a favor de Juan Claudio Vázquez.

Presentada en el Registro de la Propiedad de Caguas copia certificada de la orden anterior, el registrador se negó a inscribirla "por no constar de dicha resolución que fuera oído el ministerio fiscal, a tenor de lo dispuesto en la regla 3ª. del artículo 395 de la Ley Hipotecaria", y tomó anotación preventiva a favor del promovente con los defectos subsanables de no expresarse la equivalencia de la cabida de la finca al sistema métrico decimal ni el estado civil de Juan Claudio Vázquez cuando adquirió la finca.

La calificación del registrador consignada en nota de 1º. de agosto de 1919, está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

Ciertamente que el artículo 395 de la Ley Hipotecaria, al marcar las formalidades que deben llenarse para justificar el dominio de un bien inmueble, establece en su regla 3ª. que el juez oirá por escrito sobre la reclamaciones y pruebas que se hubiesen presentado, al ministerio fiscal y a los demás que hayan concurrido al juicio, cuya audiencia según

la regla 6ª. será verbal cuando el valor del inmueble no excediere de 1,000 pesos.  En el presente caso el valor del inmueble es de $300 y, por tanto, la audiencia no tenía que ser escrita sino verbal.

La falta de audiencia verbal al ministerio fiscal que sirve de fundamento a la nota recurrida no envuelve una falta sustancial que vicie de nulidad el expediente y justifique el proceder del registrador, cuya función al calificar la resolución aprobatoria del dominio debió limitarse a examinar si el juez que la dictó tenía jurisdicción para hacerlo, si se dictó en procedimiento debido, si fueron citadas las partes que la ley señala y si contenía todos los elementos necesarios que debían expresarse en la inscripción.  Ninguno de esos defectos ha sido observado por el registrador.

El ministerio fiscal, por más que fué citado para la información según se consigna en la resolución de 18 de enero de 1915, no reclamó contra la falta de audiencia ni interpuso recurso de apelación para el cumplimiento de ese requisito, cuyo recurso pudo interponer según la regla 4ª. del artículo 395 ya citado, quedando así subsanada aquella falta.

El artículo 440 del Reglamento para la ejecución de la Ley Hipotecaria previene que las inscripciones que deban verificarse para acreditar el dominio o la posesión que se haya justificado por los medios establecidos en el artículo 390 y siguientes de la ley, se acomodarán a las reglas que para las inscripciones en general determinan la ley y el reglamento, y además expresarán las circunstancias particulares que convengan a cada caso según resulten de los documentos presentados al registro para obtener la inscripción. Las reglas que para las inscripciones en general determinan la Ley Hipotecaria y su reglamento están comprendidas en el artículo 9 de dicha ley y 63 de su reglamento; y por lo que toca a las inscripciones de dominio y posesión, el artículo 35 del Reglamento consigna la regla especial de que se hará siempre constar en ellas la procedencia inmediata y el estado actual de la posesión de los bienes inscritos.

La resolución declaratoria de dominio a que se refiere el presente recurso contiene todos los elementos necesarios para llevar a efecto la inscripción denegada y como hemos dicho antes tampoco adolece de defecto sustancial que la vicie o anule. Esa resolución expresa la naturaleza, situación y linderos del inmueble que se trata de inscribir y su medida superficial con arreglo a la usada en el país, faltando sólo la expresión de su equivalencia al sistema métrico decimal; la naturaleza del título y su fecha con expresión no sólo del procedimiento seguido para obtenerlo, que es el autorizado por el artículo 395 de la Ley Hipotecaria, sino también el resultado de las pruebas practicadas ante la corte, el nombre y apellido de la persona a cuyo favor se ha de verificar la inscripción, el estado, mayoría de edad y vecindad de dicha persona, los nombres y apellidos de las personas de quienes procede inmediatamente el inmueble, la citación del ministerio fiscal y de las demás personas que la ley previene sean citadas, y el nombre y residencia del tribunal que autorizó el título. *Ramos* v. *El Registrador*, 16 D. P. R. 60.

Nada hay que impida verificar la inscripción.

Los defectos subsanables apuntados por el registrador existen, pues no se ha expresado la cabida de la finca según el sistema métrico decimal, lo que puede hacerse fácilmente, y tampoco aparece cuál fuera el estado civil de Juan Claudio Vázquez al adquirir la finca de que se trata, por más que consta que era casado al promover la información de dominio. Pudo ser casado al promover la información y soltero o viudo en la fecha o fechas de la adquisición.

Es de revocarse la nota recurrida y ordenarse que se verifique la inscripción denegada con los defectos subsanables de que se deja hecho mérito.

*Revocada la nota y ordenada la inscripción con los defectos subsanables apuntados.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no tomaron parte en la resolución de este caso.